UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

W. S. SPENCER,

        Plaintiff,                              Hon. Paul L. Maloney

v.                                                Case No. 1:22-cv-737

PFIZER, INC., et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on August 12, 2022. (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper (ECF No. 5), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed.

## BACKGROUND

Plaintiff's initial complaint was 154 pages in length with an additional 62 pages of exhibits. In this pleading, Plaintiff asserted claims against the following individuals and entities: (1) Pfizer, Inc.; (2) Pfizer Senior Director of Worldwide Research, Development and Medical Communications, Vanessa Gelman; (3) Pfizer

1

Chief Scientific Officer for Viral and RNA Vaccines, Philip Dormitzer; (4) Pfizer Senior Director, Novel Delivery Technologies, Biotherapeutics Pharmaceutical Sciences, Adviat Badkar; (5) United States President, Joseph R. Biden; (6) United States Department of Health and Human Services (HHS); (7) HHS Secretary, Xavier Becerra; (8) The Centers for Medicare and Medicaid Services (CMS); (9) CMS Administrator, Chiquita Brooks-LaSure; (10) CMS Deputy Administrator, Meena Seshamani; (11) CMS Deputy Director, Daniel Tsai; (12) United States Food and Drug Administration (FDA); (13) FDA Acting Commissioner, Janet Woodcock; (14) Benzie County Corporation; (15) The Maples (a nursing facility located in Frankfort, Michigan); and (16) The Maples Operations Director, Megan Garza.

On August 25, 2022, the Court, finding that Plaintiff's complaint failed to contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief," in violation of Federal Rule of Civil Procedure 8, ordered Plaintiff to submit an amended complaint within 30 days. (ECF No. 6). Plaintiff timely filed his amended complaint. (ECF No. 7). Plaintiff shortened his amended complaint to 52 pages and discarded the many exhibits. He also jettisoned his claims against President Biden and two CMS administrators. Plaintiff alleges that his rights under both federal and state law have been violated.

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

In November 2021, the Secretary of HHS "announced, that in order to receive Medicare and Medicaid funding, participating facilities must ensure that their staff – unless exempt for medical or religious reasons – are vaccinated against COVID-19." *Biden v. Missouri*, 142 S.Ct. 647, 650 (2022). The gravamen of Plaintiff's complaint is that he believes the Secretary lacked the authority to enact this vaccine requirement and, furthermore, that the vaccine requirement violates his constitutional rights.

To the extent that Plaintiff asserts that the Secretary of HHS lacked the authority to enact the rule in question, this argument has been rejected by the United States Supreme Court. *See Biden*, 142 S.Ct. at 650-55. As for Plaintiff's claims that the vaccine mandate violates his rights, such likewise fail. Plaintiff does not allege that he was subject to the Secretary's vaccine requirement or otherwise injured by its promulgation. Plaintiff alleges that he has religious objections to the vaccine mandate, but, as noted above, the mandate expressly provides exemptions for religious and medical reasons. Plaintiff fails to allege whether he even sought a religious or medical exemption to the vaccine mandate. Thus, even if Plaintiff was subject to the vaccine mandate, he has failed to allege that he was harmed thereby. In short, Plaintiff has failed to allege facts which, if proven, would entitle him to relief on his constitutional claims.

4

Finally, as to Plaintiff's various state law claims, the Court recommends that such be dismissed without prejudice so that Plaintiff can assert such in the appropriate state forum. *See* 28 U.S.C. § 1367(c)(3) (the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction"); *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) ("if the federal claims are dismissed before trial. . .the state claims should be dismissed as well").

## **CONCLUSION**

For the reasons discussed herein, the undersigned recommends that the federal law claims asserted in Plaintiff's amended complaint be dismissed for failure to state a claim on which relief may be granted. The undersigned further recommends that the state law claims asserted in Plaintiff's amended complaint be dismissed without prejudice. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                      Respectfully submitted,

Date: September 30, 2022                        /s/ Phillip J. Green
                                                    PHILLIP J. GREEN
                                                    United States Magistrate Judge