UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| W.S. SPENCER, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:22-cv-737 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| PFIZER, INC.; *et al.*, | ) | |
| Defendants. | ) | |
| | ) | |

### ORDER REJECTING REPORT AND RECOMMENDATION

Plaintiff Spencer filed this lawsuit without the assistance of counsel. He has been granted leave to proceed without the payment of fees. The Magistrate Judge reviewed the amended complaint and issued a report recommending the Court dismiss the lawsuit. (ECF no. 8.) For Plaintiff's federal claims, the Magistrate Judge recommends finding that Plaintiff failed to allege facts to state a claim. For Plaintiff's state law claims, the Magistrate Judge recommends the Court decline to exercise supplemental jurisdiction. Plaintiff filed objections. (ECF No. 9.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Plaintiff's injuries arise from (1) the Secretary of Health and Human Services (HHS) mandate that all staff at facilities that receive Medicare and Medicaid funding must be vaccinated and (2) his religious objections to receiving a COVID-19 vaccine.

The Magistrate Judge found that Plaintiff did not allege that he was subject to the vaccine requirement. Plaintiff objects. The Court agrees with Plaintiff that he has pled sufficient facts. Plaintiff points to paragraphs 50 through 52 in his amended complaint and an affidavit he submitted. Reading these documents liberally, Plaintiff pleads that he applied for a job at a facility covered by the HHS, was qualified for the job, but the facility could not offer him a position because he was not vaccinated.

The Magistrate Judge found that the mandate provides exceptions for religious reasons and also found that Plaintiff did not allege whether he sought a religious exemption. Plaintiff objects, pointing to the same paragraphs and affidavit. The Court agrees that Plaintiff has pled sufficient facts. Plaintiff states that he informed the facility that he had religious objections to the vaccine and was told that vaccine requirement could not be waived.

Having found that the pleadings do contain statements supporting these facts, at this point in the litigation the Court declines to consider whether to exercise jurisdiction over the state law claims.

For these reasons, the Court **REJECTS** the report and recommendation. (ECF No. 8.) **IT IS SO ORDERED.**

Date:   October 19, 2022                                /s/  Paul L. Maloney
                                                      Paul L. Maloney
                                                      United States District Judge