UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

W.S. SPENCER,

               Plaintiff,                        Hon. Paul L. Maloney

v.                                      Case No. 1:22-cv-737

PFIZER, INC., et al.,

               Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motions to Dismiss. (ECF No. 51, 54, and 56). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions all be granted and this matter terminated.

## BACKGROUND

Plaintiff initiated this action on August 12, 2022, by filing a 155-page complaint against Pfizer, Inc., the United States Department of Health and Human Services (HHS), the United States Food and Drug Administration (FDA), the United States Centers for Medicare and Medicaid Services (CMS), United States President Joseph Biden, HHS Secretary Xavier Beccera, CMS Administrator Chiquita Brooks-LaSure, CMS Deputy Director Meena Seshamani, CMS Deputy Director Daniel Tsai, FDA

Commissioner Janet Woodcock, Benzie County Corporation, The Maples[1], and The Maples' Operations Director Megan Garza.    (ECF No. 1).

Six weeks later, Plaintiff filed his First Amended Complaint, which added claims against several Pfizer representatives while dismissing claims against President Biden and CMS Deputy Directors Seshamani and Tsai.    (ECF No. 7).    Not content with this articulation of his grievances, Plaintiff subsequently filed a Second Amended Complaint, which added claims against Michigan Governor Gretchen Whitmer while dismissing claims against HHS, FDA, CMS, HHS Secretary Beccera, CMS Administrator Brooks-LaSure, and FDA Commissioner Woodcock.    (ECF No. 22).

Five months later, Plaintiff filed his Third Amended Complaint, which dismissed claims against Governor Whitmer and Benzie County.    (ECF No. 45).    Plaintiff's Third Amended Complaint is the operative complaint in this matter and is asserted against: (1) Pfizer; (2) Pfizer CEO Albert Bourla; (3) Pfizer Senior Director Vanessa Gelman; (4) Pfizer Senior Director Adviat Badkar; (5) Pfizer Chief Scientific Officer Philip Dormitzer; (6) The Maples; and (7) Megan Garza.    In his Third Amended Complaint, Plaintiff alleges that The Maples declined to employ him because he refused, on religious grounds, to obtain a COVID-19 vaccine.    Defendants subsequently moved to dismiss Plaintiff's Third Amended Complaint.    (ECF No. 51, 54, and 56).    Plaintiff responded to Defendants' motions.    (ECF No. 64 and 69).

---

[1] The Maples is a skilled nursing facility located in Frankfurt, Michigan.

Because Defendants' motions to dismiss relied on evidence outside Plaintiff's pleadings, the Court entered an Order stating that it was going to interpret Defendants' motions as motions for summary judgment under Federal Rule of Civil Procedure 56. (ECF No. 88).  The Court afforded Plaintiff more than one month to supplement his response.  (*Id.*).  The Court also expressly stated that Defendants' motions would be resolved pursuant to the standard applicable to motions for summary judgment under Rule 56.  Plaintiff declined to take advantage of this opportunity and failed to respond to the Court's Order.  Defendants' motions are ready for decision and the Court finds that oral argument is unnecessary.  *See* W.D. MICH. LCIVR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case."  *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."  *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."  *Amini v. Oberlin College*, 440 F.3d 350,

357 (6th Cir. 2006).   The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient.   *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts."   *Amini*, 440 F.3d at 357.   The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial."   *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).   Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."   *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."   *Daniels*, 396 F.3d at 735.   Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law."   *Harden*, 993 F.3d 465 at 474.

-4-

## ANALYSIS

The basis of Plaintiff's claims stems from his allegation that he was denied employment at The Maples due to his refusal to obtain a COVID-19 vaccine. As detailed below, however, Plaintiff lacks standing to assert his claims.

A federal court "may only adjudicate 'cases' and 'controversies.'" *Nikolao v. Lyon*, 875 F.3d 310, 315 (6th Cir. 2017) (quoting U.S. Const. art. III, § 2, cl. 1). The concept of standing derives from this constitutional requirement and "obligates plaintiffs to show a 'personal stake in the outcome of the controversy as to. . .justify [the] exercise of the court's remedial powers on [their] behalf." *Lyon*, 875 F.3d at 315 (quoting *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 581 U.S. 433, 438 (2017)). Standing is "a threshold requirement for federal jurisdiction." *Binno v. American Bar Association*, 826 F.3d 338, 344 (6th Cir. 2016). If a plaintiff fails to establish that he has standing to assert an action, "the court has no authority to hear the matter and must dismiss the case." *Ibid.*

To establish standing, Plaintiff must demonstrate that: (1) he suffered an injury-in-fact; (2) his injury is fairly traceable to a defendant's conduct; and (3) it is likely that his injury will be redressed by a favorable decision. *See Binno*, 826 F.3d at 344; *Lyon*, 875 F.3d at 315-16. Plaintiff's claims fail because he has suffered no injury.

A. Injury-in-Fact

To satisfy this element, Plaintiff must establish that he suffered an injury that is "both 'concrete and particularized' and 'actual or imminent' based on facts that are both 'specific' and 'concrete.'" *Binno*, 826 F.3d at 344 (citation omitted).

1.    Plaintiff Never Applied for Employment at The Maples

The basis for Plaintiff's various claims is his allegation that he "suffered an adverse employment action" when he was refused employment at The Maples. Defendants argue, however, that Plaintiff never actually applied for employment at The Maples.    In support of this argument, Defendants have presented evidence that Plaintiff merely inquired about an employment opportunity at The Maples.    (ECF No. 52, PageID.891-92).

Plaintiff does not dispute Defendants' argument.    More importantly, Plaintiff has presented no evidence that he did, in fact, apply for a position at The Maples.    Because Plaintiff has failed to establish that he actually applied for a job at The Maples he lacks standing to bring the present action.    *See, e.g., Pedreira v. Kentucky Baptist Homes for Children, Inc.*, 579 F.3d 722, 727 (6th Cir. 2009) (plaintiff's employment discrimination claims dismissed for lack of standing because plaintiff "has not applied for the job").

2.    Plaintiff Cannot Establish that he was a "Deterred Applicant"

To the extent Plaintiff argues that his failure to apply for a job at The Maples was because any such attempt would have been futile, the result is the same.    As the Supreme Court has recognized, "a consistently enforced discriminatory policy can surely deter job applications from those who are aware of it and are unwilling to subject themselves to the humiliation of explicit and certain rejection."    *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 365 (1977).    Accordingly, "when a person's desire for a job is not translated into a formal application solely because

-6-

of his unwillingness to engage in a futile gesture he is as much a victim of discrimination as is he who goes through the motions of submitting an application."  *Id.* at 365-66.

To take advantage of the "deterred applicant" exception, Plaintiff must first present "overwhelming evidence of a pervasive discrimination in all aspects of the employer's [hiring] practices, and that any application would have been futile and perhaps foolhardy." *Tartt v. Wilson County, Tennessee*, 982 F.Supp.2d 810, 821 (M.D. Tenn. 2013) (quoting *Bacon v. Honda of America Manufacturing, Inc.*, 370 F.3d 565, 576 (6th Cir. 2004)).  Plaintiff must further establish that "he would have applied but for discrimination and that he would have been *discriminatorily* rejected had he applied." *Tartt*, 982 F.Supp.2d at 821 (quoting *Teamsters*, 431 U.S. at 368 n.52 (emphasis added)). Finally, Plaintiff must also "come forward with the basic information about his qualifications that he would have presented in an application."  *Tartt*, 982 F.Supp.2d at 821 (quoting *Teamsters*, 431 U.S. at 369 n.53).

Plaintiff has presented no evidence that satisfies any of these prerequisites. Plaintiff has presented no evidence that The Maples engaged in "pervasive discrimination in all aspects of [its hiring] practices."  Plaintiff has presented no evidence regarding his alleged qualifications for any position that was then available at The Maples.   Finally, Plaintiff cannot demonstrate that had he applied he would have been rejected for unlawful or discriminatory reasons.   To the contrary, Defendants have established that even had Plaintiff applied for a position at The Maples, rejection of his application was mandated by Michigan law.

In 2001, Plaintiff was charged with eight felony counts of Second-Degree Criminal Sexual Conduct for engaging in "sexual contact" with several girls who were less than 13 years old.  (ECF No. 64-7, PageID.1137-40).  Plaintiff pleaded guilty to all eight counts.  (ECF No. 64-9, PageID.1146-55).  Plaintiff was sentenced to serve 80-180 months in prison.  *Spencer v. Atterberry*, 2011 WL 65866 at *1 (W.D. Mich., Jan. 10, 2011).  Plaintiff was released from prison in 2016.  *People v. Spencer*, 2019 WL 286954 at *1 (Mich. Ct. App., Jan. 22, 2019).

Pursuant to Michigan law, a "covered facility shall not employ, independently contract with, or grant clinical privileges to" an individual who has been convicted of "a felony involving criminal sexual conduct" unless "15 years have lapsed since the individual completed all of the terms and conditions of his or her sentencing, parole, and probation."  Mich. Comp. Laws § 333.20173a(1)(b)(iv).  A "covered facility" is defined as a "health facility or agency that is a nursing home, county medical care facility, hospice, hospital that provides swing bed services, home for the aged, or home health agency" Mich. Comp. Laws § 333.20173a(15)(c).

As a nursing home, The Maples is required to comply with this legislation. Plaintiff was convicted of multiple felonies involving criminal sexual conduct and less than 15 years has passed since he was released from prison.  Thus, The Maples was prohibited, under Michigan, law from hiring Plaintiff.  Therefore, Plaintiff cannot take advantage of the "deterred applicant" exception.

In sum, for the reasons articulated herein, the undersigned recommends that Defendants' motions to dismiss be granted and this action terminated.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that the defendants' motions to dismiss (ECF No. 51, 54, 56) be granted and this action terminated. For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: July 31, 2024

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

-9-